Joseph C. Faucher, No. 137353
Brian D. Murray, No 294100
TRUCKER ✦ HUSS
A Professional Corporation
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone:  (213) 537-1016
Facsimile:  (213) 537-1020
E-mail:    jfaucher@truckerhuss.com
           bmurray@truckerhuss.com

Attorneys for Defendant
NORTHROP GRUMMAN CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN JOSEPH SUPEL,<br><br>  Plaintiff,<br><br>  vs.<br><br>NORTHROP GRUMMAN CORPORATION, a Delaware corporation,<br><br>  Defendant. | Case No. **'18CV2240 CAB RBB**<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION UNDER 28 U.S.C. §1441(a) (FEDERAL QUESTION)**<br><br>(Superior Court of the State of California, County of San Diego, No. 37-2018-00043006-CU-CO-CTL) |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

Defendant NORTHROP GRUMMAN CORPORATION ("Defendant") removes the above-entitled action from the Superior Court of the State of California, County of San Diego, in which it is now pending, to the United States District Court for the Southern District of California. The grounds for removal are set forth below.

**STATE COURT ACTION**

1. Defendants have been named in a civil action brought in the Superior Court of California for the County of San Diego entitled *Darin Joseph Supel v. Northrop Grumman Corporation,* Case Number 37-2018-00043006-CU-CO-CTL (the "State Court Action"). Plaintiff Darin Joseph Supel ("Plaintiff") filed the State

Court Action on August 27, 2018. Defendant received the Complaint from its authorized agent for service of process, who was personally served on August 28, 2018. True and correct copies of the Summons, Complaint, and papers accompanying the Complaint that were received by Defendant are attached hereto as **Exhibit A**. Defendant subsequently received the Notice of Case Assignment and Case Management Conference from its authorized agent for service of process, who was personally served on August 29, 2018. True and correct copies of the Notice of Case Assignment and Case Management Conference and papers accompanying the Notice, including additional copies of the Summons and Complaint, that were received by Defendant are attached hereto as **Exhibit B**. Exhibits A and B constitute all process, pleadings, and orders received by Defendant in the State Court Action.

## TIMELY FILING OF REMOVAL

2. This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because it is filed not more than one year after the commencement of the State Court Action and is filed within 30 days after the earliest date on which service of the Summons and Complaint on the Defendants was completed. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## FEDERAL QUESTION JURISDICTION

3. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331, and Defendants may remove this State Court Action to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), because the State Court Action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff's Complaint asserts the following claim:

   a. Although styled as a state law claim for breach of implied covenant of good faith and fair dealing, the gravamen of the State Court Action is a claim for benefits under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) (*see* Attachment A to Complaint, p. 4, ¶¶1, 10), and

1 Plaintiff's claim is therefore completely preempted and removable to Federal Court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S. Ct. 2488 (2004).

b. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Davila*, 542 U.S. at 207-08 (citations omitted) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)); *see also Cleghorn v. Blue Shield of California,* 408 F.3d 1222, 1225 (9th Cir. 2005) (artful pleading does not avoid complete preemption).

c. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc.*, 542 U.S. at 208 (citation omitted) (*quoting Alessi v. Raybestos-Manhattan, Inc*., 451 U.S. 504, 523, 101 S.Ct. 1895 (1981)). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila,* 542 U.S. at 209.

d. The preemptive force of ERISA is so powerful that it converts "a state law claim into an action arising under federal law," even if the plaintiff does not want relief under ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 1547 (1987). This is true even though the same facts might be sufficient to state a state law cause

of action as well. *Taylor*, 481 U.S. at 66-67, 107 S.Ct. at 1547-48 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of section 502(a) removable to federal court . . . though [the suit] purports to raise only state law claims . . . .").

  e. Plaintiff alleges that "on or about June 02, 1998 an implied agreement (through employment) was made between Plaintiff and Defendant Northrop Grumman Corporation," through which Defendant "would provide eligible employees the benefit of income replacement in the event of disability through a self-insured short-term disability plan." Attachment A to Complaint, p. 4, ¶1. Plaintiff alleges that he "became disabled on December 15, 2017," and after meeting the eligibility requirements under the plan, "began receiving income replacement on December 22, 2017." *Id.*, pp. 4-5, ¶¶2-6. Plaintiff alleges that on or about January 23, 2018, Defendant "unfairly interfered with Plaintiff's right to receive income replacement by unreasonably terminating the claim." *Id.*, p. 5, ¶7. Plaintiff further alleges that Defendant's acts included "[i]ntentional misrepresentation of medical information," "[i]ntentional misrepresentation of plan provisions," and "[f]ailure to evaluate the totality of the medical condition." *Id.*

  f. Plaintiff alleges that "Defendant failed to cooperate with Plaintiff in the performance of the agreement," including by "[c]ompelling the plaintiff to litigate" and "[f]ailing to act upon accusations of fraud." *Id.*, ¶9. As a result, Plaintiff alleges that he suffered damages in the form of "Unpaid Income replacement from January 19, 2018 to February 14, 2018." *Id.*, ¶10.

  g. Plaintiff's claim against Defendant is in fact a claim for benefits under an ERISA plan, because the short-term disability benefit

plan in which Plaintiff alleges he was enrolled is the sole basis for any liability on the part of Defendant for payment to Plaintiff for the income replacement benefit to which Plaintiff claims he is entitled.  The short-term disability plan in which Plaintiff alleges he was enrolled and which is at issue in this Action is an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") § 3(1), 29 U.S.C. § 1002(1).  As such, the plan was and is governed by ERISA.  *See* ERISA §§ 3(3) & 4(a), 29 U.S.C. §§ 1002(3) & 1003(a).

h. Plaintiff attempts to allege that his claim against Defendant are based on an "implied agreement (through employment)" between Plaintiff and Defendant.  Attachment A to Complaint, p. 4, ¶1.  However, the only possible basis for any such liability is the disability plan itself.  Moreover, creative pleading cannot avoid ERISA preemption.  *See, e.g., Cleghorn,* 408 F.3d at 1225 (artful pleading does not avoid complete preemption).

## VENUE & INTRA-DISTRICT ASSIGNMENT

4. Venue lies in the Southern District of California under 28 U.S.C. § 84(d) and 1441(a) because Plaintiff filed this Action in the Superior Court of the State of California, County of San Diego.

## NOTICE

5. Promptly after filing this Notice of Removal, Defendant shall give written notice to Plaintiff of the filing of this Notice of Removal and shall, pursuant to 28 U.S.C. § 1446(d), file a copy of such notice to Plaintiff with the Clerk of Superior Court for the State of California, County of San Diego.

6. Defendant is represented by the undersigned attorneys who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

Trucker ♦ Huss
A Professional Corporation
633 West 5th Street, 26th floor
Los Angeles, California 90071

DEFENDANT'S NOTICE OF REMOVAL OF STATE COURT ACTION          5

177829.v1

DATED: September 26, 2018              TRUCKER ✦ HUSS

By: /s/ Joseph C. Faucher
Joseph C. Faucher
Brian D. Murray
Attorneys for Defendant
NORTHROP GRUMMAN CORPORATION