UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN JOSEPH SUPEL,<br><br>                      Plaintiff,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, a Delaware corporation,<br><br>                      Defendant. | Case No.: 18cv2240-CAB-RBB<br><br>**ORDER DENYING MOTION TO REMAND [Doc. No. 4] AND GRANTING MOTION TO DISMISS [Doc. No. 2]** |

    Pending before the Court is Plaintiff Darin Joseph Supel's motion to remand. [Doc. No. 4] and Defendant's motion to dismiss [Doc. No. 2]. For the reasons set forth below, the motion to remand is **DENIED** and the motion to dismiss is **GRANTED** with leave to amend.

## BACKGROUND

    Plaintiff is employed by Northrop Grumman Corporation ("NGC"), and is a participant in NGC's Short-Term Disability Plan (the "STD Plan"). Benefit claims under the STD Plan are administered by Unum Life Insurance Company ("Unum"). On August 27, 2018, Plaintiff filed a civil action against Defendant in the Superior Court of California for the County of San Diego, Case Number 37-2018-00043006-CU-CO-CTL

1

(the "State Court Action"). [Doc. No. 1-2.] The State Court Action contains a single cause of action for breach of the implied covenant of good faith and fair dealing, and alleges that NGC improperly terminated Plaintiff's disability claim, thus denying Plaintiff approximately one month of disability benefits. [Doc. No. 1-2 at 8, ¶¶7-10.] On September 26, 2018, Defendant removed the State Court Action on the grounds that (1) the STD Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and therefore, (2) this Court has original jurisdiction over this action under 28 U.S.C. §1331. [Doc. No. 1.] On October 3, 2018, Defendant filed a motion to dismiss the complaint on the grounds that Plaintiff's sole state law claim for breach of the implied covenant of good faith and fair dealing is preempted by ERISA, §§502(a)(1)(B) and 514(a). [Doc. No. 2.] Plaintiff has not filed an opposition to the motion to dismiss the complaint.

On October 11, 2018, Plaintiff filed a motion to remand. [Doc. No. 4.] In the motion, Plaintiff argues this action should be remanded to state court because NGC's STD Plan is not an "employee welfare benefit plan" as defined under ERISA §3(1). Plaintiff further argues that the STD Plan is a "payroll practice" exempt from ERISA coverage pursuant to 29 C.F.R. §2510.3-1(b)(2). Finally, Plaintiff argues this case should be remanded because ERISA §502(e)(1) gives state courts concurrent jurisdiction over claims for benefits pursuant to Section 502(a)(1)(B).

On November 1, 2018, Defendant filed an opposition to the motion to remand. [Doc. No. 9.] On November 19, 2018, Plaintiff filed a reply to the opposition. [Doc. No. 12.]

DISCUSSION

A. Motion to Remand.

    a. Legal Standard.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has

subject matter jurisdiction over the case. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). Federal subject matter jurisdiction is satisfied through removal if the case could have originally been filed in federal court based on either federal question jurisdiction or diversity jurisdiction. *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). If at any time before final judgment it appears a removing court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is "strictly construe[d]" against removal jurisdiction and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

b. Analysis.

Defendant removed this case on the basis of federal question jurisdiction, arguing that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is preempted by ERISA. [Doc. No. 1 at 2.]

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see also Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir.2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Placer Dome, Inc.,* 582 F.3d at 1091 (citation and quotation marks omitted).

While Plaintiff correctly points out that the operative complaint here does not expressly assert an ERISA claim, that is not necessary when a claim is completely preempted by section 502(a) of ERISA. As the Ninth Circuit explained,

> [c]omplete preemption removal is an exception to the otherwise applicable rule that a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim ... If a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a) [of ERISA], that complaint is converted from an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.

*Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir.2009) (citation and quotation marks omitted).

Section 502(a) (1)(B) of ERISA states that "[a] civil action may be brought—(1) by a participant or beneficiary—(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 29 U.S.C. § 1132(a)(1)(B). Here, while Plaintiff couches his claim as one for "breach of the implied covenant of good faith and fair dealing," he ultimately seeks recovery for one month of disability benefits (and related damages) and, thus, is making a claim for STD benefits. The question then is whether Plaintiff's claim for STD benefits is encompassed by section 502(a) of ERISA, resulting in complete preemption and federal question jurisdiction to support defendants' removal.

ERISA regulates "employee welfare benefit plans," which are defined to mean

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment....

29 U.S.C. § 1002(1). In this case, the NGC STD Plan falls squarely within ERISA's definition of an employee welfare benefit plan, because it was established by an employer (NGC) to provide NGC employees with certain welfare benefits, including disability benefits. Moreover, the STD Plan is governed by formal plan documents, administered by third-party claims administrator Unum, provides for comprehensive administrative procedures to file and adjudicate claims, and is otherwise held out as an ERISA plan. See Doc. No. 9-1, Melton Decl. ¶¶ 3-7, Exhibit A. *See Clay v. AT&T Commc'ns of California, Inc.,* No. 2:12-CV-2027 JAM KJN, 2012 WL 5868767, at *5 (E.D. Cal. Nov. 19, 2012), report and recommendation adopted, No. 2:12-CV-2027 JAM KJN, 2012 WL 6560729 (E.D. Cal. Dec. 14, 2012)(employer's short term disability program fell within ERISA definition of employee welfare benefit plan where program was governed by formal plan documents, administered by a third-party claims administrator, provided comprehensive administrative procedures to file and adjudicate claims, and was otherwise held out as an ERISA plan).

However, a regulation of the Secretary of Labor excludes certain "payroll practices" from the application of ERISA. *Bassiri v. Xerox Corp.*, 463 F.3d 927, 929 (9th Cir.2006); *Alaska Airlines, Inc. v. Or. Bureau of Labor*, 122 F.3d 812, 812 (9th Cir.1997); *Behjou v. Bank of America Group Benefits Program*, 2012 WL 1534931, at *2 (N.D.Cal. May 1, 2012). More specifically, the "payroll practices" exemption provides that an "employee welfare benefit plan" for purposes of ERISA "shall not include-(2) Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons...." 29 C.F.R. § 2510.3–1(b)(2) (emphasis added). Thus, the payroll practices exemption would apply here if (1) the payment of STD benefits under the STD Plan qualifies as "normal compensation" and (2) STD benefits are paid from NGC's general assets.

Regardless of whether the payment of STD benefits under the NGC STD Plan constitutes "normal compensation," to constitute an exempt payroll practice, the STD

benefits must be paid out of NGC's general assets. See 29 C.F.R. § 2510.3–1(b)(2). For purposes of the payroll practices exemption, "the critical inquiry is not whether the payment of short term disability benefits is made under the auspices of a benefit plan; rather, the salient inquiry ... is the source from which the benefits are actually paid," i.e., whether the STD benefit payments are made from the employer's general assets or some other source, such as a separate trust fund or insurance. *Behjou*, 2012 WL 1534931, at *3 (*citing Alaska Airlines, Inc.*, 122 F.3d at 814 and *Bassiri*, 463 F.3d at 931). To determine whether the regulation is applicable, a court must focus on the "actual methods of payment." *Alaska Airlines, Inc.*, 122 F.3d at 814.

Here, Defendants have shown that the STD benefits are not paid from NGC's general assets: The NGC STD Plan is funded by a VEBA Master Trust, the assets of which are used for the exclusive purpose of providing benefits under the NGC Group Benefits Plan, including benefits payable under the STD Plan; (b) an independent trust company, State Street Bank and Trust Company, serves as trustee for the VEBA Trust; (c) Unum serves as the independent claims administrator for the STD Plan; (d) NGC operates the VEBA Master Trust in compliance with ERISA, including by filing the Form 5500 for the overarching NGC Group Benefits Plan, subjecting the Plan and its finances, including the VEBA Master Trust, to the scrutiny of an independent auditor, Deloitte & Touche LLP; and (e) there is a clear relation between the amount of funds in the VEBA Master Trust and accrued liability for STD benefits because NGC actively monitors and pre-funds sub-accounts maintained by Unum in connection with Unum's claim administration services. Doc. No. 9-1, Melton Decl., ¶3-7, Ex. A (Form 5500). Therefore, because benefits under the STD Plan are not paid out of NGC's general assets, but rather out of an independent, ERISA-compliant VEBA trust account, the payroll practices exemption does not apply, and ERISA governs the STD Plan.

Finally, Defendant is correct that, although ERISA may provide for concurrent jurisdiction in state and federal courts, this does not waive a defendant's right to remove

to federal court.  *Clorox Co. v. U.S. Dist. Ct. for the Northern District of California*, 779 F. 2d 517, 521 (9th Cir. 1985).

Accordingly, Plaintiff's claim for STD benefits is completely preempted by ERISA, and this court has federal question subject matter jurisdiction over the action. As such, the action was properly removed to this court.

B. Motion to Dismiss.

a. Legal Standard.

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"— generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief.  *Id.* (quoting *Twombly*, 550 U.S. at 557).  The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

b. Analysis.

As discussed above, in the complaint Plaintiff asserts a single cause of action for breach of the implied covenant of good faith and fair dealing, and alleges that NGC improperly terminated Plaintiff's disability claim, thus denying Plaintiff approximately one month of disability benefits. [Doc. No. 1-2 at 8, ¶¶7-10.] A state law claim is preempted by ERISA, and therefore must be dismissed, if it has a "connection with" or a "reference to" an ERISA-governed benefit plan. *Metro. Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739 (1985); *see Wise v. Verizon Commc'ns., Inc.*, 600 F.3d 1180, 1190-91 (2010). Stated another way, where "the existence of [an ERISA] plan is a critical factor in establishing liability" under a state cause of action, the state law claim is preempted. *See Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 136, 139–40 (1990). ERISA's preemption provision functions "even when the state action purport[s] to authorize a remedy unavailable under the federal provision." *Id*. at 144 (citations omitted). ERISA preemption is not limited to state statutes and rules; common law causes of action that "relate to" ERISA plans are also preempted. *Pilot Life Ins. V. Dedeaux*, 481 U.S. 41, 47–48. A plaintiff's state law claim that merely seeks an alternative enforcement mechanism of an ERISA provision is preempted. *Dishman v. UNUM Life Ins. Co. of Am.,* 269 F.3d 974, 983 (9th Cir. 2001). The Ninth Circuit has applied a "but for" standard to assess the relationship between the harm alleged and the ERISA-governed plan for purposes of determining whether a plaintiff is seeking such an alternate enforcement mechanism. *Id*.

Here, although Plaintiff's state law claim against NGC is styled as a claim for "breach of the implied covenant of good faith and fair dealing," Plaintiff's claim is actually one that seeks the recovery of disability benefits under an employee welfare benefit plan. Section 502(a)(1)(B) provides a cause of action for the recovery of wrongfully denied benefits. Plaintiff's state-law claim for breach of the implied covenant falls squarely within the civil enforcement provisions of ERISA and is, therefore, completely preempted. *See Bast v. Prudential Ins. Co. of Am.*, 150 F.3d 1003, 1007 (9th Cir. 1998) (recognizing the Supreme Court's holding in *Pilot Life Ins. Co. v. Dedeaux*,

481 U.S. 41, 57 (1987) that "ERISA preempts state common law tort and contract causes of action asserting improper processing of a claim for benefits under an insured employee benefit plan"). Accordingly, Plaintiff's state-law claim is **DISMISSED**.

Plaintiff is, however, **GRANTED LEAVE TO FILE** an amended complaint to plead a federal claim under ERISA. *See Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1133 (9th Cir. 1992)(plaintiffs allowed to file an amended complaint pleading a federal claim under ERISA after dismissal of state-law claims based on complete preemption).

## CONCLUSION

For the reasons set forth above, the motion to remand is **DENIED** and the motion to dismiss is **GRANTED** with leave to amend to plead a federal claim under ERISA.[1] Plaintiff has until **December 21, 2018** to file a First Amended Complaint.

**IT IS SO ORDERED.**

Dated: November 30, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Defendants request for judicial notice [Doc. No. 2-2] is **GRANTED** pursuant to Federal Rule of Evidence 201.